UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTIN HARDY,<br>CDCR #AA-8633,<br><br>                    Plaintiff,<br><br>vs.<br><br>A. SILVA, JOHN DOE,<br><br>                    Defendants. | Case No.: 3:24-cv-0899-JAH-MSB<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>**(2) DENYING MOTION FOR EXTENSION OF TIME AS MOOT;**<br><br>**(3) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)** |

**BACKGROUND**

On May 20, 2024, Kristin Hardy ("Hardy" or "Plaintiff"), a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, along with a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF Nos. 1, 2. In his Complaint, Hardy alleges Defendants violated his constitutional rights when they confiscated and returned-to-sender, a parcel containing educational books Hardy had ordered by mail. *See* ECF No. 1. On May 23, 2024, the Court denied Hardy's IFP motion

1

and dismissed the action because Hardy failed to include a certified copy of his trust account statement for the 6-month period immediately preceding the filing of his Complaint, as required under 28 U.S.C. § 1915(a)(2) and S.D. Cal. CivLR 3.2. ECF No. 3. The Court gave Plaintiff an opportunity to have his case reopened by either paying the filing fee or submitting a properly supported IFP request. *Id.*

On June 27, 2024, Plaintiff filed a Motion for an Extension of Time to submit a copy of his trust account statement. ECF No. 4. But a few days later, before the Court could rule on his request for extension of time, Hardy submitted a copy of his trust account statement, and the case was reopened. *See* ECF No. 5. For the reasons discussed below, the Court grants Plaintiff's IFP motion, denies his request for an extension of time as moot, and dismisses the Complaint without prejudice for failure to state a claim.

## MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a failure to pay the entire fee at the time of filing only if the court grants the Plaintiff leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To proceed IFP, prisoners must "submit[] an affidavit that includes a statement of all assets [they] possess[,]" as well as "a "certified copy of the[ir] trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1), (2); *Andrews v. King*, 398 F.3d 1113,

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). The additional $55 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1119 (9th Cir. 2005). Using this financial information, the court "assess[es] and when funds exist, collect[s], … an initial partial filing fee," which is "calculated based on 'the average monthly deposits to the prisoner's account' or 'the average monthly balance in the prisoner's account' over a 6-month term; the remainder of the fee is to be paid in 'monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)–(2)). In short, while prisoners may qualify to proceed IFP without having to pay the full statutory filing upfront, they remain obligated to pay the full amount due in monthly payments. *See Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

As discussed above, Plaintiff has now provided a copy of his prison certificate and trust account statement, in support of his IFP motion. ECF No. 5. During the six months prior to filing suit, Plaintiff had an average monthly balance of $13.57, average monthly deposits of $29.06, and an available account balance of $0.08 at the time he filed suit. *Id*. at 3. Accordingly, the Court **GRANTS** Plaintiff's IFP motion and assesses an initial partial filing fee of $5.81 pursuant to 28 U.S.C. § 1915(b)(1). However, *this initial fee need be collected only if sufficient funds are available in Plaintiff's account at the time this Order is executed. See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered."). The California Department of Corrections and Rehabilitation ("CDCR") must thereafter collect the full balance of the $350 total fee owed in this case and forward payments to the Clerk of the Court as provided by 28 U.S.C. § 1915(b)(2).

Having granted Plaintiff's IFP request, the Court **DENIES** his Motion for Extension of Time (ECF No. 4) to submit his trust account statement as moot.

**SCREENING PURSUANT TO 28 U.S.C. § 1915(e) AND § 1915A(b)**

A.   **Legal Standards**

Pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), the Court must screen a prisoner's IFP complaint and *sua sponte* dismiss it to the extent that it is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The standard for determining whether Plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires that a complaint "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim. *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*

In short, to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Id*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

"To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

B.   **Plaintiff's Allegations**

Hardy alleges that in February of 2022, he enrolled in paralegal correspondence

courses provided by "Blackstone." ECF No. 1 at 2. Hardy paid a fee of $825.00 and was to receive books from Blackstone "in shipments of three whenever an exam was completed." *Id.*

On or about April 20, 2023, Blackstone mailed three books to Hardy at R.J. Donovan Correctional Facility ("RJD"), where Hardy was then-confined in the administrative segregation unit. *Id.* When Plaintiff did not receive the books, he asked the Receive and Release ("R&R") Sergeant, who he identifies as "John Doe," about the shipment. Doe told Hardy that Silva, an RJD correctional officer, had returned the books because Hardy was in administrative segregation. Doe gave Plaintiff a copy of a "notice of disapproved books" which indicated the shipment had been "returned to sender" by Silva on May 1, 2023. *Id.* As a result, Hardy was charged $30.00 to have the books re-shipped and "lost six months of studies time." *Id.*

Hardy filed an administrative appeal on the matter but was denied relief. Over the course of the appeal process, Plaintiff learned that R&R officers, such as Doe, are "responsible for the property of inmates" who, like Hardy, had recently arrived at RJD from another institution. *Id.*

**C.     Discussion**

In his Complaint, Hardy alleges Defendants Silva and Doe violated his First Amendment and Due Process rights when they deprived him of the shipment of books. *Id.* at 2–3. He seeks $6500 in money damages from each defendant. *Id.* at 4.

*1.     First Amendment*

Hardy alleges Silva and Doe[2] violated his First Amendment rights by improperly by

---

[2] The Federal Rules of Civil Procedure do not authorize or prohibit the use of unnamed parties, but Rule 10 does require a plaintiff to include the names of all parties in his complaint. *See* Fed. R. Civ. P. 10(a). "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Cuda v. Employees/Contractors/Agents at OR OCCC*, 2019 WL 2062945, at *4 (D. Haw. 2019). Courts disfavor Doe pleading in an IFP case because in the event the plaintiff's complaint alleges a plausible claim for relief, it is effectively impossible for the

returning his package to the sender "due to [his] ad-seg status," despite regulations permitting Hardy to have books while in administrative segregation. ECF No. 1 at 2. Generally, prisoners have "a First Amendment right to send and receive mail." *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curium). However, a temporary delay or isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (temporary delay in the delivery of publications did not violate inmate's First Amendment rights); *accord Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (isolated incidents of mail interference without evidence of improper motive do not give rise to a constitutional violation); *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999) (content-neutral, short-term, and sporadic delays in prisoner's receipt of mail did not violate his First Amendment rights). Absent evidence of a broader plan or course of conduct to censor plaintiff's mail unconstitutionally, an error by prison officials does not justify relief under § 1983. *See Lingo v. Boone*, 402 F. Supp. 768, 773 (C.D. Cal. 1975) (finding prisoner not entitled to monetary relief under § 1983 where prison officials erroneously withheld a single piece of mail on the grounds that it was inflammatory); *Canales v. Guzman*, No. 3:23-cv-1059-GPC-MSB, 2023 WL 5418771, at *4 (S.D. Cal. 2023) (finding allegation of a single incident of negligence in failing to deliver the plaintiff's package insufficient to state a First Amendment claim).

In his Complaint, Hardy alleges Defendants improperly "disapproved" the delivery of his books and had them returned to the vendor because he was in administrative segregation. Even assuming it was error for the package to be returned-to-sender, Hardy alleges no improper motive on the part of Silva and/or Doe. And such an isolated incident is insufficient to state a First Amendment claim. *See Crofton*, 170 F.3d at 961. Additionally,

---

United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d); *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (stating that in order to properly effect service under Rule 4 in an IFP case, the plaintiff is required to "furnish the information necessary to identify the defendant.").

Plaintiff admits that he was able have the books re-shipped and ultimately received them, albeit belatedly. ECF No. 1 at 2. Therefore, Hardy has failed to state a First Amendment claim against Defendants and as such, the Court DISMISSES the claim without prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Iqbal*, 556 U.S. at 678.

### 2. *Due Process*

Hardy alleges Defendants violated his right to due process by having his books returned to sender without giving him sufficient notice. ECF No. 1 at 2–3. The Due Process Clause of the Fourteenth Amendment of the United States Constitution protects Plaintiff from being deprived of property without due process of law, *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974), and Plaintiff has a protected interest in his personal property, *Hansen v. May*, 502 F.2d 728, 730 (9th Cir. 1974). Authorized, intentional deprivations of property are actionable under the Due Process Clause, *see Hudson v. Palmer*, 468 U.S. 517, 532, n.13 (1984); *Quick v. Jones*, 754 F.2d 1521, 1524 (9th Cir. 1985), but the Due Process Clause is violated only when the agency "prescribes and enforces forfeitures of property without underlying statutory authority and competent procedural protections," *Nev. Dep't. of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) (citing *Vance v. Barrett*, 345 F.3d 1083, 1090 (9th Cir. 2003)) (internal quotations omitted). The Due Process Clause is not violated by the random, unauthorized deprivation of property so long as the state provides an adequate post-deprivation remedy. *Hudson*, 468 U.S. at 533; *Barnett v. Centoni*, 31 F.3d 813, 816–17 (9th Cir. 1994).

Here, Hardy's claim that his package of books was improperly returned to the vendor fails to give rise to a cognizable claim for relief. A brief delay in the processing of an inmate's mail without notice to the inmate is not a violation of the Fourteenth Amendment. *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002). "Only if the failure to provide notice was pursuant to prison policy does this constitute a due process violation actionable under § 1983." *Id*. At best, Plaintiff's claim reflects a temporary, unauthorized deprivation of property, which is not cognizable under section 1983. To the extent Hardy seeks compensation for the $30.00 in additional fees he paid to have the books re-shipped,

Plaintiff's claim may be actionable under state law, but such a claim must be brought in state court rather than in federal court. Indeed, Plaintiff has an adequate post-deprivation remedy under California law and therefore, he may not pursue a due process claim arising out of the unlawful confiscation of his personal property. *Barnett*, 31 F.3d at 816–17 (citing Cal. Gov't Code §§ 810–895). Accordingly, Hardy has failed to state a cognizable due process claim against Defendants. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Iqbal*, 556 U.S. at 678. The Court therefore DISMISSES the claim without prejudice.

### D.  Leave to Amend

In light of Plaintiff's pro se status the Court **GRANTS** him leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

### CONCLUSION AND ORDER

For reasons discussed above, the Court:

1.  **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2.  **DENIES** Plaintiff's Motion for Extension of Time (ECF No. 4) as moot.

3.  **ORDERS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's trust account the $5.81 initial filing fee assessed, *if those funds are available at the time this Order is executed*, and forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

4.  **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001, via U.S. Mail, or by forwarding an electronic copy to trusthelpdesk@cdcr.ca.gov.

   5.   **DISMISSES** the Complaint without prejudice and with leave to amend for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

   6.   **GRANTS** Plaintiff **forty-five (45) days** leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Specifically, Plaintiff's Amended Complaint must be complete by itself without reference to any previous version of his pleading; Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled"); *Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989). If Plaintiff fails to timely amend, the Court will enter a final Order dismissing this civil action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")

**IT IS SO ORDERED.**

Dated: November 13, 2024

_____
Hon. John A. Houston
United States District Judge