UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KRISTIN HARDY,<br>CDCR# AA8633,<br><br>                    Plaintiff,<br><br>vs.<br><br>A. SILVA, JOHN DOE,<br><br>                    Defendants. | Case No.: 3:24-cv-0899-JAH-MSB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO ALTER OR SET ASIDE THE JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e)**<br><br>**ECF No. 13** |
|---|---|

Kristin Hardy ("Hardy" or "Plaintiff") is an inmate proceeding *pro se* with a civil action pursuant to 42 U.S.C. § 1983. In his original complaint, Hardy alleged his constitutional rights under the First Amendment and the Due Process Clause were violated when a parcel containing educational books that he ordered by mail was improperly returned to the sender. *See* ECF No. 1. On November 11, 2024, the Court granted Hardy's request to proceed *in forma pauperis* ("IFP") but dismissed his original complaint without prejudice for failure to state a claim. ECF No. 6. After an extension of time, Hardy filed a First Amended Complaint ("FAC"), again raising First Amendment and Due Process claims. ECF No. 10. On April 22, 2025, the Court concluded Hardy had again failed to state a claim and dismissed the action without further leave to amend. ECF No. 11. The

Court entered judgment and certified that an IFP appeal would not be taken in good faith. ECF Nos. 11, 12. Hardy has now filed a motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). ECF No. 13.

## DISCUSSION

"A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). "[A] Rule 59(e) motion is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Wood*, 759 F.3d at 1121 (quoting *Kona Enteres., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

In his motion, Hardy does not allege any newly discovered evidence or intervening changes in the controlling law. Instead, he appears to argue the Court's decision was clearly erroneous. "Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cty. School Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (internal quotation marks omitted).

First, Hardy asserts the Court erred by failing to infer Defendants had an improper motive in returning his books to sender. As stated in this Court's dismissal order, an isolated incident of delay or other mail interference without evidence of improper motive does not violate a prisoner's First Amendment rights. *See Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999). And the Court found a mere alleged failure to follow California Department of Corrections and Rehabilitation mail regulations was insufficient to plausibly allege Defendants acted with improper motive. *See Lingo v. Boone*, 402 F. Supp. 768, 773 (C.D. Cal. 1975) (finding prisoner not entitled relief under § 1983 where prison officials improperly withheld a piece of mail); *Smith v. Maschner*, 899 F.2d 940, 944 (10th Cir. 1990) (concluding that single alleged incident of a failure to deliver permissible catalogs

mailed to a prisoner was insufficient to amount to a First Amendment violation); *Nixon v. Sec'y Penn. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) (holding that a prisoner's allegation of a "single, isolated interference with personal [non-legal] mail was insufficient to constitute a First Amendment violation"). Hardy has shown no clear error.

Next, Hardy contends the Court erred by failing to liberally construe his FAC. While a federal court must construe *pro se* pleadings liberally, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), it may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). And here, the Court did construe the FAC liberally and concluded Hardy failed to allege sufficient facts to plausibly support the elements of his First Amendment claim. *Iqbal*, 550 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."); *see also Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014).

Hardy also alleges the Court improperly found Defendants made an "honest error" in returning his books to sender. The Court made no such finding. Instead, Plaintiff appears to be referencing language included in a case citation parenthetical, which was provided as an example of an instance where a court found no improper motive. *See* ECF No. 11 at 4. The other cases cited in the same paragraph also found no improper motive when officials intentionally (but mistakenly) and negligently withheld mail. *See Lingo*, 402 F. Supp. at 773 (finding prisoner not entitled to monetary relief under § 1983 where prison officials erroneously withheld a single piece of mail on the grounds that it was inflammatory); *Canales v. Guzman*, 2023 WL 5418771, at *4 (S.D. Cal. 2023) (finding allegation of a single incident of negligence in failing to deliver the plaintiff's package insufficient to state a First Amendment claim). In short, the Court concluded the allegations contained Hardy's FAC were insufficient to raise a plausible inference of "improper motive" in returning the books to sender. And Hardy has not shown this was clear error.

Finally, Hardy alleges the Court erroneously found he suffered only a "mere delay" in his receiving the books when, in fact, the books were "returned to sender, and not merely delayed." ECF No. 13 at 3. But the Court clearly stated in its dismissal order that the books were returned to sender, *see* ECF No. 11 at 3, and simply noted that in Hardy's original complaint, he stated he ultimately received the books after they were reshipped. *See id.* at 4 n.2.

In sum, the Court finds no clear error. Plaintiff's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) is therefore **DENIED**. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 7, 2025

JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE